IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN HENRY CHARTRAND,                 )
                                       )
                  Plaintiff(s),        )      No. C 10-3104 CRB (PR)
                                       )
       vs.                             )      ORDER OF DISMISSAL
                                       )
UNKNOWN DRIVER,                        )
                                       )
                  Defendant(s).        )
_____      )

        Plaintiff, a prisoner at San Quentin State Prison, has filed a pro se civil

rights complaint under 42 U.S.C. § 1983 alleging that in August 2009 he was hit

"head on" by An unknown driver who ran four-way stop.  He seeks damages

from this unknown driver on the grounds that the driver got him to leave the

scene and gave false information to the police to hide being at fault.

## DISCUSSION

A.      Standard of Review

        Federal courts must engage in a preliminary screening of cases in which

prisoners seek redress from a governmental entity or officer or employee of a

governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint

"is frivolous, malicious, or fails to state a claim upon which relief may be

granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.      Legal Claims

Plaintiff's claim for damages against the unknown driver who hit him at a four-way stop must be dismissed because it is well established that a private individual does not act under color of state law, an essential element of a § 1983 action.  See Gomez v. Toledo, 446 U.S. 635, 640 (1980).  Purely private conduct, no matter how wrongful, is not covered under § 1983.  Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974).  Simply put: There is no right to be free from the infliction of constitutional deprivations by private individuals.  Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996).

**CONCLUSION**

For the foregoing reasons, the complaint is DISMISSED for failure to state claim under the authority of 28 U.S.C. § 1915A(b).

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.

SO ORDERED.

DATED: Aug. 13, 2010

_____
CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.10\Chartrand, J1.dismiss.wpd